UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID BRIAN RICKS,<br><br>     **Plaintiff**<br><br>V.<br><br>CITY OF SAN ANTONIO; SAN ANTONIO POLICE DEPARTMENT; MISTY FLOYD, Individually; JACOB GARCIA, Individually; and EFREN ALANIZ, Individually,<br><br>     **Defendants** | § § § § § § § § § § § § § | CASE No. _____ |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, Plaintiff David Brian Ricks (hereinafter, "Plaintiff") in the above styled and numbered cause of action and files this his Original Complaint pursuant to the Federal Rules of Civil Procedure and would respectfully show unto the Court as follows:

### PARTIES

1. This action is filed under the 42 U.S.C. § 1983 and § 1988 and under the Fourth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Texas against Defendants.

2. Plaintiff David Brian Ricks is an individual residing in San Antonio, Bexar County, Texas.

3. Defendant City of San Antonio is a municipal governmental entity within the State of Texas and the public employer of San Antonio Police Department. The Defendant may be served by personal process by and through City Attorney Michael Bernard, 100 Military

1

Plaza, City Hall 3rd Floor, San Antonio, Texas 78205, or wherever he may be found, and City Clerk Leticia M. Vacek, 100 Military Plaza, City Hall 2nd Floor, San Antonio, Texas 78205, or wherever she may be found. Please issue citation.

4. Defendant San Antonio Police Department is a municipal law enforcement agency employed by City of San Antonio. Police Chief William McManus was the Chief of Police for San Antonio Police Department during the time that the acts and/or omissions made basis of this action occurred. This Defendant may be served by personal process by and through Police Chief William McManus at the San Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever he may be found. Please issue citation.

5. Defendant Officer Misty Floyd, Individually, (hereinafter, "Defendant Officer Floyd"), at all times relevant, was a resident of the State of Texas, and was an employee for the San Antonio Police Department. This Defendant may be served by personal process at San Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever she may be found. Please issue citation.

6. Defendant Officer Jacob Garcia, Individually, (hereinafter, "Defendant Officer Garcia"), at all times relevant, was a resident of the State of Texas, and was an employee for the San Antonio Police Department. This Defendant may be served by personal process at San Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever he may be found. Please issue citation.

7. Defendant Officer Efren Alaniz, Individually, (hereinafter, "Defendant Officer Alaniz"), at all times relevant, was a resident of the State of Texas, and was an employee for the San Antonio Police Department. This Defendant may be served by personal process at San

Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever he may be found. Please issue citation.

## VENUE AND JURISDICTION

8. This Court has jurisdiction over this lawsuit because part of the action arises under 42 U.S.C. § 1983 and § 1988 and under the Fourth and Fourteen Amendments of the United States Constitution, and under the laws of the State of Texas against Defendants.

## FACTS

9. On April 6, 2013, Plaintiff Brian David Ricks called 9-1-1 to report that his daughter was missing from his home, located at 4702 Dietrich, San Antonio, Texas. Officer Floyd of the San Antonio Police Department responded to the call and arrived at Plaintiff's residence at approximately 8:34 p.m. that evening. Mr. Ricks approached Officer Floyd, advising that his daughter was not at the house and that he did not know where she was. Mr. Ricks led Officer Floyd into his backyard and pointed out where it appeared his daughter had cut the screen to her bedroom and climbed out.

10. Officer Floyd detected the aroma of alcohol on Mr. Ricks' person and observed him stumble a bit while walking. Officer Floyd asked Mr. Ricks to go inside and he said that he did not want to. Officer Floyd placed her hand on Mr. Ricks' person and began to guide him out of the backyard and toward the front door of his house. A neighbor stopped their car near the house and asked if Plaintiff was okay. Mr. Ricks approached the neighbor's car but Officer Floyd held him from approaching the car and told the neighbor that everything was okay. Officer Floyd again physically guided Mr. Ricks toward the front door of his house and told him that "he was drunk in public" and "a threat to himself." Officer Floyd advised Mr. Ricks that if he did not go inside his residence, that she would arrest him for public intoxication.

3

11. When Mr. Ricks arrived at the front steps of his residence, he told Officer Floyd that he did not want to go inside. Mr. Ricks' wife called his mobile phone and he sat on the steps as he spoke to his wife on the phone. Officer Floyd reached to take the phone from Mr. Ricks, causing him to yell that she could not take his phone and that she was on his property.

12. Officer Floyd then instructed Mr. Ricks to stand because she was arresting him for public intoxication. When Mr. Ricks stood up, Officer Floyd hastily turned him around to restrain him and place handcuffs on him. Mr. Ricks lost his balance and fell forward and then backward toward Officer Floyd.

13. Officer Floyd took hold of Mr. Ricks and threw him to the ground. Mr. Ricks fell onto his stomach and Officer Floyd came on top of him. At this time, Officer Floyd called on her radio for assistance with the arrest.

14. While still on the ground, Mr. Ricks' hands went to cover his stomach where he had sustained direct impact. Officer Floyd began striking Mr. Ricks to the left side of his face with her fist multiple times. Officer Floyd then called for additional assistance.

15. Mr. Ricks writhed on the ground in pain. Officer Floyd got to her feet and deployed her taser into Mr. Ricks' back. She continued to physically engage Mr. Ricks on the ground and apply the handcuffs onto him while waiting for back-up to arrive.

16. Officer Garcia and Officer Alaniz arrived at the scene and approached Mr. Ricks on the ground. Officer Floyd stepped away from Mr. Ricks while Officer Garcia and Officer Alaniz began to physically engage him. Mr. Ricks continued to writhe on the ground and Officer Garcia placed his knees on Mr. Ricks' back and pushed his face into the ground.

17. Officer Alaniz turned Mr. Ricks over and struck Mr. Ricks in the stomach. Officer Garcia and Officer Alaniz lifted Mr. Ricks up until he was standing to frisk him for

weapons. Mr. Ricks told the officers that the "blonde officer kicked my ass for no reason."

18. Officer Garcia and another officer lowered Mr. Ricks back onto the ground in a harsh physical manner. During this time, Mr. Ricks complained that the officers were "beating him." Officer Garcia again placed his knees on Mr. Ricks' back to hold him down. Officer Garcia applied strong wristlock/joint manipulations to Mr. Ricks' arms.

19. Officer Alaniz and Officer Garcia used physical force to restrain Mr. Ricks on the ground until additional officers arrived. The officers kicked and stomped on Mr. Ricks as he lay on the ground several times.

20. Officer Garcia used additional physical measures on Mr. Ricks while police photographers photographed Mr. Ricks. Additional officers arrived at the scene and surrounded Mr. Ricks and stood there until emergency services arrived and began treating Mr. Ricks' injuries.

21. Officer Garcia and another officer took Mr. Ricks away from EMS and dragged him toward the police prisoner transport vehicle. Mr. Ricks was then taken to the police station located at 601 N. Frio Street, San Antonio, Texas to be evaluated for his head injuries.

22. As a result of the foregoing acts and/or omissions, David Brian Ricks suffered severe and debilitating bodily injuries.

## CAUSES OF ACTION

23. **42 U.S.C. § 1983** Plaintiff contends that Defendants, acting under color of state law, by way of statute, ordinance, regulation, custom and/or usage, took affirmative acts and committed omissions that violated David Brian Ricks' well established civil rights afforded to him by the Constitution of the United States, including, but not limited to, the Fourth and

Fourteenth Amendments. At all relevant times, each Defendant was acting within the course and scope of their employment for the City of San Antonio.

24. By virtue of the Fourth and Fourteenth Amendments, David Brian Ricks had the right to be secure from unreasonable seizures by those acting under color of state law. Based on the totality of the circumstances, Defendants acted with objective unreasonableness in the seizure of David Brian Ricks and by the use of excessive force.

25. Defendant Officer Floyd violated Brian David Ricks' constitutional rights to be free from excessive force by physically assaulting him as he lost his balance due to her hostile attempt to handcuff him and then further punching and kicking him once he was on the ground and unable to get up.

26. Defendants Officer Garcia and Officer Alaniz violated Brian David Ricks' constitutional rights by using harsh physical force such as pushing his face into the ground, twisting his arm, and placing knees on his back even though he was already handcuffed on the ground and unable to get up.

27. The Defendants actions constitute a gross violation of Brian David Ricks' constitutional right against unreasonable seizures under the Fourth Amendment of the United States Constitution.

28. Defendants City of San Antonio and San Antonio Police Department, by and through their authorized representative, Police Chief William McManus, violated the civil rights of Mr. Ricks in that he failed to formulate, train and/or enforce customs, policies, regulations and procedures to the police officers of San Antonio Police Department for addressing the safe and proper methods of restraint by police, so as not to cause the unnecessary death or harm of a

person in their custody. Defendant failed to supervise Officer Floyd, Officer Alaniz, and Officer Garcia in violation of the constitutional rights of David Brian Ricks.

29. The San Antonio Police Department and the City of San Antonio allowed a persistent and wide spread practice of unreasonable seizure, which, although not officially adopted by formal city policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. The city had actual or constructive knowledge of numerous complaints of excessive force by its police officers, yet failed to take any meaningful action to prevent such an occurrence.

30. **42 U.S.C. § 1988.** Plaintiff was forced to engage the undersigned attorney and seek recovery of reasonable attorney's fees and the costs associated with the prosecution of this action.

31. Plaintiff sues Defendants Officer Floyd, Officer Garcia and Officer Alaniz in their individual capacity for their conduct that knowingly violated the well-established constitutional rights of David Brian Ricks, in that they used excessive force to restrain Mr. Ricks and that such failures would foreseeably cause serious injury.

32. Defendants committed acts and/or omissions as described herein that proximately caused injuries which resulted in the serious injuries sustained by David Brian Ricks.

## DAMAGES

33. As a direct and proximate result of the negligent conduct of Defendants herein, David Brian Ricks suffered severe bodily injuries and damages, including:

    a. physical pain, suffering and mental anguish sustained in the past;

    b. physical pain, suffering and mental anguish, which in all likelihood he will suffer in the future;

    c.    past medical expenses;

    d.    future medical expenses;

    e.    loss of wages in the past;

    f.    loss of earning capacity;

    g.    physical disfigurement sustained in the past;

    h.    physical disfigurement, which in all likelihood he will suffer in the future;

    i.    physical impairment sustained in the past;

    j.    physical impairment, which in all likelihood he will suffer in the future;

    k.    exemplary damages;

    l.    reasonable attorney's fees; and

    m.    costs of court.

34.    Plaintiff hereby demands an award after a trial on the merits of $3,500,000 (three and a half million) dollars in actual and exemplary damages. Said damages are within the jurisdictional limits of this court.

## EXEMPLARY DAMAGES

35.    Plaintiff would show that the misconduct of each Defendant herein, and any one of them, giving rise to a violation of 42 U.S.C. § 1983 claims, rose to the level of malice in that such conduct was motivated by evil motive or intent, or that it involved reckless and/or callous indifference to the federally protected rights of David Brian Ricks.

36.    The facts and circumstances of this case warrant that punitive damages be awarded so that the Defendants be punished for their misconduct complained of herein and so

8

that Defendants and those similarly situated may be deterred from engaging in similar conduct in the future.

37. Plaintiff hereby sues for exemplary damages against each named Defendant.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## CONDITIONS PRECEDENT

39. All conditions precedent to this cause of action have been performed or have otherwise occurred. Plaintiff attach and incorporate letters, marked as Exhibit A, providing Defendants notice pursuant to and in compliance with the notice requirements of the City of San Antonio charter, Texas Tort Liability Act, V.T.C.A., Texas Civil Practice and Remedies Code § 101.001 *et seq.*, however, Defendants possessed actual knowledge of all wrongdoing and damaged alleged herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby prays that summons be issued against Defendants and that upon service and a hearing that the Honorable Court grant judgment in favor of Plaintiff, in all of their capacities, for actual damages, special damages, exemplary damages, attorney fees, costs of Court, pre- and post-judgment interest as allowed by law, and all other relief to which he may be entitled by law or equity.

Respectfully submitted,

ANDERSON & ASSOCIATES LAW FIRM
2600 S.W. Military Drive, Suite 118
San Antonio, Texas 78224
(210) 928-9999 Telephone
(210) 928-9118 Facsimile
Email: js.aalaw@yahoo.com

_____
JONATHAN P. SELLERS
State Bar No. 24079296
*Attorney for Plaintiffs*